UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X

YOLANDA P. MATOS                        :

                    Plaintiff,          :        05 Civ. 2853 (DLC)

          -v-                           :        MEMORANDUM OPINION &
                                        :        ORDER
PATHMARK STORES, INC.,                  :

                    Defendant.          :

----------------------------------------X

Appearances:

For the Plaintiff:

Scott W. Wunderlich
Mirman, Markovits & Landau, P.C.
291 Broadway
Sixth Floor
New York, New York  10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/19/05

For the Defendant:

Lyle E. Frank
Callan, Koster, Brady & Brennan, LLP
One Whitehall Street
New York, New York  10004

DENISE COTE, District Judge:

    This is an action in diversity, removed from New York state
court, for personal injury based on an alleged slip-and-fall
suffered by the plaintiff Yolanda P. Matos ("Matos"), a New York
resident, on the premises of the defendant Pathmark Stores, Inc.
("Pathmark"), a Delaware corporation with its principle place of
business in New Jersey.  Matos has moved to amend and join as a
defendant Pathmark's cleaning contractor, Lashellda Maintenance
Corp. ("Lashellda"), a New York resident, and to remand this
action to state court for lack of diversity.  Pathmark has moved

to implead Lashellda as a third-party defendant, but opposes joining Lashellda as a defendant and remanding. For the following reasons, Matos's motion is granted, Pathmark's motion is denied as moot, Lashellda is joined as a defendant, and this action is remanded to the New York Supreme Court.

Matos filed her complaint on February 15, 2005 in New York Supreme Court. The defendant filed a notice of removal on March 11, 2005. A pretrial scheduling order of April 11 ordered that no additional parties could be joined to this action after May 13. On May 10, Matos moved to amend her complaint, join Lashellda as a defendant and remand this action to state court. Matos did not submit a memorandum of law in support of this motion.

On May 24, Pathmark moved to implead Lashellda as a third-party defendant. Pathmark also did not submit a memorandum of law in support of its motion, although an accompanying affirmation indicates that Pathmark does not oppose the addition of Lashellda as a party, but opposes remand. Pathmark did not file an opposition to Matos's motion, and Matos did not file an opposition to Pathmark's motion. A letter dated July 13 from Pathmark's counsel requests that Pathmark's motion for impleader also be treated as an opposition to Matos's motion for joinder and remand. A letter dated July 18 from Matos's counsel requests that Matos's motion also be treated as an opposition to Pathmark's motion.

A party at this stage in the proceedings may amend their complaint "only by leave of court or by written consent of the

adverse party." Fed. R. Civ. P. 15(a). Leave to amend the pleadings shall be given "freely" in the absence of a reason such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of the amendment. Fed. R. Civ. P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962). The defendant has not raised any of these concerns in its opposition to the plaintiff's motion. This amendment is also timely under the schedule set at the pretrial conference on April 8, 2005. The parties were given until May 13, 2005 to join additional parties or to amend their pleadings. Matos's motion to join Lashellda was filed on May 10, 2005. Because the motion to amend is both timely and falls within the text and spirit of Rule 15, the motion is granted.

## Conclusion

Matos's motion for leave to amend is granted and Pathmark's motion is denied as moot. Lashellda is joined as a defendant, and this action is remanded to the New York Supreme Court. The Clerk of Court shall close the case.

SO ORDERED:

Dated:   New York, New York
        October 14, 2005

DENISE COTE
United States District Judge